IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MELVIN CHANDLER**                                                                 **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO. 3:12CV519LRA**

**TYRONE LEWIS, SHERIFF OF HINDS COUNTY,
MISSISSIPPI; LIEUTENANT THERALON;
DEPUTY SCOTT; CAPTAIN MICHAEL IVY; DEPUTY CARTER;
DEPUTY INGRAM; DEPUTY KNIGHT;
DEPUTY MILLER; DEPUTY LOGAN; DEPUTY
MURPHY and DEPUTY JIMMY BARNES**                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This conditions of confinement action brought pursuant to 42 U.S.C. §1983 came before the Court on the Defendants' Motion for Summary Judgment [28]. Plaintiff Melvin Chandler was housed as a pretrial detainee at the Hinds County Detention Facility [HCDF] from April 1, 2011, to May 6, 2012. Chandler alleged in his Complaint that the conditions in which he was confined violated his constitutional rights.

On October 11, 2012, Chandler appeared before this Court for a hearing to further supplement or clarify his claims. When questioned about whether he had presented his claims through the Detention Facility's grievance program, Chandler testified as follows:

> CHANDLER: You know, I tried to contact through the other – the administrative remedy program. Hinds County don't have one. Raymond Detention Center don't have one as far as I know because I have talked to – you know, to my military training, I went to follow your chain of command. I assume that's what you're talking about. You start from the lowest and go to the top.
>
> COURT: Did you ask for grievance forms?
>
> CHANDLER: They don't go no further than the pod, ma'am. He got a box. You write your grievance forms, turn them into the deputies, they don't go no further. You don't get no response from no grievance form.
> COURT: They give you the forms?

> CHANDLER: You fill them out.
>
> COURT: If you ask for them?
>
> CHANDLER: Fill them out, turn them in, you don't get no response from them.

Later in the hearing, Chandler testified that he wrote several letters to Captain Ivy about the conditions at the facility, but never got a response from him.

The Defendants have moved for summary judgment on several grounds – the first being failure to exhaust his claims through the grievance procedure available at the Hinds County Detention Facility. Chandler admits that he failed to submit his complaints through the facility's grievance program. In his Response to Defendants' Motion for Summary Judgment, Chandler stated:

> I've written inmate requests, and administrative remedies pertaining to conditions of confinement pertaining to their correctional institutions policy and procedures and the definitions of that policy and procedure. Hinds County Detention Center has a history of not responding to administrative remedies or documents pertaining to condition of confinement complaints with the Detention Center. I've taken so many steps trying to get some understanding with the staff and administration pertaining to this situation. The only thing I was getting was no response. The Hinds County Detention Center gave me no other choice, but to file a "1983" complaint.

An inmate must comply with a facility's grievance procedure before he can bring his conditions of confinement case to court. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Here, Chandler admits that he did not raise his claims through the Inmate Grievance Procedure of the Hinds County Detention Center, but also alleges that he got no response to his complaints. Where a prisoner alleges that he could not exhaust his administrative remedies because the grievance procedure is inadequate, he may be excused from the exhaustion requirement. *McDonald v. Cain*, 426 F. App'x 332, 333 (5th Cir. 2011); *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) ("We have

recognized, as a basis for excuse, circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy.") (citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)).

The Fifth Circuit has explained the process by which courts may make credibility determinations in ruling on exhaustion. " *Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010). Exhaustion is a threshold issue, similar to jurisdiction, that should be resolved prior to proceeding on the merits. *Id*. Factual disputes about exhaustion may be resolved by a judge without resort to a jury, and summary judgment is an appropriate vehicle for making that determination. *Id.* at 272. The familiar standard for the entry of summary judgment comes from Fed. R. Civ. P. 56(a), which requires its entry "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

If the prisoner survives summary judgment because factual issues remain concerning exhaustion, the court may resolve the disputed facts by allowing discovery or holding an evidentiary hearing. *Dillon*, 596 F.3d at 273. That resolution should occur before reaching the merits of any of the substantive claims. *Id*. The Court is of the opinion that additional evidence is necessary to resolve the issue of exhaustion at this time. Defendants, who have the burden of showing that they are entitled to summary judgment, have provided no factual support to counter Chandler's allegation

that he never received a response to his grievances. Instead, Defendants rely simply on Chandler's admission that he did not exhaust his administrative remedies. In the absence of evidence that the Hinds County Detention Center's grievance procedure was actually available to inmates, other than on paper, this Court cannot conclude that there are no genuine issues of fact relevant to whether Chandler should be excused from exhausting his administrative remedies. In light of this conclusion, the Court is further of the opinion that summary judgment should be denied at this time.

The Court finds that Defendants' Motion for Summary Judgment shall be denied, but without prejudice. Pursuant to the Fifth Circuit's directives in *Dillon,* an evidentiary hearing may be conducted by the Court to further explore the defense of exhaustion prior to further consideration of the merits of Chandler's claims. Or, Defendants may choose to waive their exhaustion defense and move forward on the merits. An evidentiary hearing will then be conducted on the merits, or Defendants may elect to refile the motion after the exhaustion issue is resolved.[1] On or before October 30, 2013, defense counsel shall notify the Court and Plaintiff, in writing, as to how they wish to proceed.

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment [28] is DENIED without prejudice. Defendants shall file the written report referenced above on or before October 30, 2013.

---

[1] In reviewing the facts, the Court does note that it has concerns regarding whether or not the merits of the claims could be resolved without benefit of an evidentiary hearing. Because Plaintiff was a pretrial detainee during the majority of the time he was housed in HCDF, there may be material issues of genuine fact existing involving Plaintiff's conditions of confinement which prevent the Court from entering a judgment at law.

SO ORDERED, this the 26th day of September 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE